## M. J. CORL v. J. A. CANNON.

(Filed 26 February, 1930.)

**Trial F a—Where issues submitted to the jury are inconsistent a new trial will be awarded.**

Where the trial judge instructs the jury to answer conflicting issues as to negligence and contributory negligence so that he may determine who is and who is not entitled to recover, a new trial will be ordered on appeal so that a consistent verdict may be found by the jury.

APPEAL by plaintiff from *Harding, J.,* at January Term, 1929, of CABARRUS. New trial.

On the issues submitted to the jury and their findings thereon, the following judgment was rendered by the court below:

"This action having been called and tried by his Honor and a jury, and the jury having answered the issues as follows:

1. Did the defendant notify the plaintiff of his intention to excavate near the wall of the building described in the complaint as the plaintiff's building?  Answer: No.

2. Did the defendant excavate near the wall of the plaintiff's building wantonly and with utter indifference to the rights of the plaintiff, as alleged in the complaint?  Answer: No.

3. Was the plaintiff's building injured by the negligence of the defendant, as alleged in the complaint?  Answer: Yes.

4. Did the plaintiff, by his own negligence, contribute to his own injury, as alleged in the answer:  Answer: Yes.

5. What compensatory damages, if any, is the plaintiff entitled to recover of the defendant?  Answer: $600.

6. What damages (punitive), if any, is the plaintiff entitled to recover of the defendant?  Answer: No.

By consent, the motions of the plaintiff and defendant for judgment was continued to the February Term, 1929.

It is now on motion of Hartsell & Hartsell, and R. L. Smith, counsel for the defendant, adjudged that the plaintiff recover nothing of the defendant, J. A. Cannon, and that the defendant, J. A. Cannon, recover of the plaintiff, M. J. Corl, and George F. Corl, the surety, on his prosecution bond, his costs of action to be taxed by the clerk."

*Armfield, Sherrin & Barnhardt for plaintiff.*
*Hartsell & Hartsell for defendant.*

PER CURIAM.  The defense of contributory negligence seems to have been submitted to the jury upon the theory that, after due notice of defendant's intention to excavate near plaintiff's building, the plaintiff failed to take any precaution or to exercise proper care for the protection of his own property.  But the first issue finds that the defendant gave the plaintiff no notice of his intention to excavate near the building in question.  Hence, the first and fourth issues, interpreted in the light of the record, would seem to be in conflict.  The court instructed the jury: "Now, gentlemen, I want you to answer all these issues, and then, when you answer these issues, the court will determine who recovers and who does not."  In this state of the record, it would appear that a consistent verdict should be rendered to enable the court to determine the rights of the parties.  *Wood v. Jones, ante,* 356.  To this end a new trial must be awarded.

New trial.